IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREDERICK C. WALLACE and | ) | |
| ANGELA K. WALLACE, | ) | Case No. 07-10729 |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| WALLACE MARKETING, LTD., | ) | Case No. 07-10728 |
| | ) | |
| Debtor. | ) | Chapter 12 |
| _____ | ) | |

**MEMORANDUM OPINION**
**DENYING CHAPTER 13 PLAN CONFIRMATION**

These matters came before the Court for hearing on November 7, 2007 upon the Notice and Proposed Order of Confirmation (the "Chapter 13 Plan"), filed by Frederick and Angela Wallace (the "Individual Debtors") on August 22, 2007; the Objection to Confirmation of Debtors' Chapter 13 Plan (the "Objection to Confirmation"), filed by Bank of America, N.A. (the "Bank") on September 17, 2007; and the Debtor's Chapter 12 Plan, filed by Wallace Marketing, Ltd. (the "Business Debtor") on August 20, 2007. At the hearing, Robert E. Price, Jr. represented the Business Debtor and the Individual Debtors, Daniel C. Bruton represented the Bank, and Anita Jo Kinlaw Troxler appeared in her capacity as Chapter 13 trustee (the "Trustee").

Upon good and sufficient notice to all parties in interest, and based upon the Court's review of the Chapter 13 Plan, the Objection to Confirmation, the arguments presented at the hearing, and the entire official file, the Objection to Confirmation will be sustained, confirmation of the Chapter 13 Plan will be denied, and the hearing on confirmation of the Chapter 12 Plan

will be continued.

## FACTS

On May 26, 2004, the Individual Debtors executed two promissory notes in favor of the Bank in the principal amounts of $225,000.00 and $50,000.00, respectively.  On July 28, 2005, the Individual Debtors executed another promissory note in favor of the Bank in the principal amount of $29,000.00.  The Individual Debtors also executed Deeds of Trust and Agricultural Security Agreements granting the Bank a security interest in real property located at 3515 Stoney Creek Church Road, Elon, North Carolina and all the inventory, accounts, equipment, and crops of the Individual Debtors.   On May 22, 2007, the Individual Debtors filed their Chapter 13 Plan.  With regard to the secured claim of the Bank, the Chapter 13 Plan proposes to pay the Bank $2,000.00 each month until April of 2012 and a lump sum payment in May of 2012.

The Bank argued that, based on Section 1325(a)(5)(B)(iii) of the Bankruptcy Code and this Court's decision in In re Hill, No. 06-80502, slip op. at *7 (Bankr. M.D.N.C. Feb. 12, 2007)(2007 WL 499622), any plan that proposes a balloon payment at the end of a Chapter 13 plan is not confirmable over the objection of a creditor secured by personal or real property.  The Individual Debtors argued that Section 1325(a)(5)(B)(iii) of the Bankruptcy Code does not apply to creditors secured by real property.

## DISCUSSION

As required by Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, upon the objection of a creditor secured by real property, a proposed Chapter 13 plan must provide for periodic payments in "equal monthly amounts" on the debt secured by that real property.  In re Schultz, 363 B.R. 902, 906 (Bankr. E.D. Wis. 2007); In re Lemieux, 347 B.R. 460, 465 (Bankr. D. Mass. 2006); In re Wagner, 342 B.R. 766, 771-72 (Bankr. E.D. Tenn. 2006); contra In re Davis, 343 B.R. 326,

328 (Bankr. M.D. Fla. 2006).  A plan that provides for a balloon payment to a creditor secured by real property, over the objection of a creditor, is not confirmable.  In re Schultz, 363 B.R. at 906; In re Lemieux, 347 B.R. at 465; In re Wagner, 342 B.R. at 771-72.  Based on the holdings of Lemieux, Wagner, and Schultz, the Court declines to follow Davis and holds that the Chapter 13 Plan, which provides for a balloon payment to the Bank, violates Section 1325(a)(5)(B)(iii) of the Bankruptcy Code and is therefore not confirmable.

## CONCLUSION

The Chapter 13 Plan does not satisfy the requirements of Section 1325(a) of the Bankruptcy Code.  Therefore, the Objection to Confirmation will be sustained and confirmation of the Chapter 13 Plan will be denied.  The Individual Debtors have thirty (30) days to file a new Chapter 13 plan.  The hearing on the Chapter 12 Plan filed by the Business Debtor will be continued to 2:00 p.m. on December 6, 2007 in Courtroom 2, Second Floor, 101 South Edgeworth Street, Greensboro, North Carolina 27401.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREDERICK C. WALLACE and | ) | |
| ANGELA K. WALLACE, | ) | Case No. 07-10729 |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| WALLACE MARKETING, LTD., | ) | Case No. 07-10728 |
| | ) | |
| Debtor. | ) | Chapter 12 |
| _____ | ) | |

## PARTIES IN INTEREST

Frederick and Angela Wallace

Wallace Marketing, Ltd.

Bank of America, N.A.

Robert E. Price, Jr., Esquire

Daniel C. Bruton, Esquire

Anita Jo Kinlaw Troxler, Trustee

Michael D. West, Bankruptcy Administrator

W. Joseph Burns, Esquire